IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JA'VON M. BLOOM, #146-782 | : |
| Petitioner | : |
| v. | : CIVIL ACTION NO. JFM-06-630 |
| U. S. GOVERNMENT | : |
| Respondent | : |

MEMORANDUM

This matter is before the court on a pro se petition for release of seized property filed by Ja'Von M. Bloom, a state inmate at the Western Correctional Institution in Cumberland, Maryland. On March 16, 2006, the court ordered petitioner to provide additional information and to submit the civil filing fee or move for leave to proceed in forma pauperis. On March 28, 2006, petitioner complied. Upon review of the pleadings, the court will grant the motion to proceed in forma pauperis and dismiss the petition without prejudice.

Petitioner requests release of a tractor and four amounts of U.S. currency seized from different locales, none of which is within this judicial district.[1] He does not claim ownership of either the currency or the tractor. In his supplemental pleading, petitioner indicates that he is requesting forfeited currency because the owners are "unidentified" and "petitioner has a financially destitute nonprofit tax exempt organization called [sic] the EyeChor Foundation, Inc." Paper No. 5 at 3. Petitioner asserts he will disburse these funds for a variety of charitable causes and maintain accurate financial records.

---

[1] Court records indicate this is petitioner's first proceeding in this court.

Federal district judges have discretion under 28 U.S.C. §§ 1915 & 1915A to screen cases. See Neitzke v. Williams, 490 U.S. 319, 328 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995). A complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact. See Neitze, 490 U.S. at 325. This court is further obliged by 28 U.S.C. §1915(e)(2) to screen prisoner complaints and dismiss any that are frivolous, malicious or fail to state a claim upon which relief may be granted.

It appears government forfeiture proceedings have commenced because petitioner references public notices that have appeared in The Wall Street Journal regarding the property and currency in question. Commencement of such proceedings divests the district court of jurisdiction to hear matters regarding the property. See Ibarra v. United States, 120 F.3d 472, 474-75 (4th Cir. 1997).

In Ibarra, the Fourth Circuit also suggested that district courts have limited jurisdiction to review an administrative forfeiture for compliance with due process notice requirements. See 120 F. 3d at 474, n. 4. The subsequently enacted Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. §983, established specific procedures to set aside a forfeiture for failure to provide notice consistent with due process. To the extent petitioner might intend to dispute the forfeiture based on defective notice provided to him, he must show: 1) he has an interest in the property;
2) the DEA "failed to take reasonable steps to provide... notice;" and 3) he "did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. §983(e). This petition fails to satisfy these requirements.

Accordingly, the petition will be dismissed without prejudice.  A separate Order follows.

<u>April 3, 2006</u>                                           /s/_____
Date                                                         J. Frederick Motz
                                                             United States District Judge